**Margretta JONES, Appellant,**

**v.**

**Otis R. BOWEN, Secretary Department
of Health and Human
Services, Appellee.**

No. 87–1758.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1988.

Decided June 7, 1988.

Lewis Juddle, Jr., Little Rock, Ark., for appellant.

Nadine L. Gjurich, Baltimore, Md., for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge and MAGILL, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Margretta Jones appeals from the Social Security Administration's denial of disability benefits and the affirmance of that denial by the district court. For the reasons set forth below, we reverse the district court and direct it to remand this case to the administrative law judge for further administrative proceedings.

Ms. Jones' quest for disability benefits has been a long and convoluted one. Jones filed her initial application for disability benefits on May 26, 1982, alleging an inability to work since January 29, 1981, due to injuries suffered when a crane struck her at work. The ALJ denied Jones' petition finding her impairments sufficient to preclude her from performing her past work as a coil winder, but insufficient to prevent her from engaging in "at least light exertional activity."[1] After the ap-

---

1. The Administrative Law Judge found that:
   [E]ven though claimant's cervical strain was capable of producing pain which would preclude claimant from performing her past relevant work, which was semi-skilled and required medium to heavy lifting, the level of severity of her pain and the severity of her impairment is not sufficient to preclude her from engaging in at least light exertional activity.
   Additionally, the Judge made the following four specific findings:
   [1]. The claimant has the residual functional capacity to perform work-related functions except for work involving heavy lifting, ardu-

ous activities, and working around heights, and moving machinery. Mentally, the claimant has the capacity to perform work where interpersonal contact is routine, but superficial; perform[ed] tasks should be no more complex than those learned by experience; and supervision required should be fairly general.
   [2]. The claimant is unable to perform her past relevant work as a sewing machine operator, coil or stator winder; mold operator; and assembly line worker.
   [3]. Considering the exertional limitations only, the claimant has the residual functional

peals council affirmed the ALJ's decision, Jones sought judicial review in the United States District Court for the Eastern District of Arkansas. The district court found that the ALJ had failed to adequately consider claimant's nonexertional impairments, and remanded the case to the Secretary of Health and Human Services with directions to make explicit findings concerning the effect of these impairments on Jones' functional capacity. On remand, a second ALJ again found Jones not disabled, further ruling that Jones was capable of a wide range of medium work activity, including her former job as a coil winder. Jones again sought relief before the appeals council and the district court, arguing that the ALJ did not comply with the specific remand order in addressing previously considered issues and failing to develop the record as directed by the district court.

Jones filed a second and thus far successful application for disability benefits in May of 1986, in which the Office of Disability Determination for Social Security for the State of Arkansas found Jones disabled as of January 29, 1981, the date Jones was hit by a crane at work. This most recent determination was based on a psychological evaluation performed by the Secretary's consultive medical examiner, Dr. Moneypenny, in June of 1986. However, this finding is subject to review by the Social Security Administration.

Jones' 1986 application, if sustained, entitles her to disability payments beginning June of 1985, pursuant to statutory restrictions limiting retroactive payment of benefits to one year prior to application. *See* 42 U.S.C. § 423(b) (1982); 20 C.F.R. § 404.621(a) (1987). Jones now seeks to extend these past due benefits to include the period of May 1981 to June 1985, relying on her May 1982 application. Thus, Jones both challenges the ALJ's compliance with the remand order and argues that the evidence supports an extension of benefits based on the 1982 application.

With the above procedural snare, we turn to the present appeal. Jones argues that the district court erred in affirming the ALJ ruling based on an inadequately developed record. Jones further argues that Dr. Moneypenny's report finding Jones disabled in 1981 should dispose of this case, and urges this court reverse the decision of the Secretary and remand solely for the purpose of computing benefits.

We agree that the ALJ failed to adequately develop the record below as to Jones' nonexertional impairments and note that Dr. Moneypenny's report, focusing on Jones' mental state,[2] appears to provide the information which the district court had instructed the ALJ to consider in its remand order. This court, however, may not consider Dr. Moneypenny's report at this procedural juncture. *See* 42 U.S.C. § 405(g) (limiting judicial review to a review of the certified transcript of the administrative record).

Because the record for the 1982 application and evidence before the administrative agency and the district court did not include the report of Dr. Moneypenny, we vacate the district court's opinion affirming the ALJ and direct the district court to remand to the agency for further appropriate administrative proceedings and for a determination as to whether the new evi-

capacity for at least light work, as defined in Regulation 404.1567.

[4]. The level of work the claimant can do in light of exertional limitations is not affected by the nonexertional limitations except for adhering to seizure precautions and avoiding working around heights and moving machinery.

2. The report concludes:

In summary, Margarita [sic] Jones is a 40 year old black, female whose current intellectual functioning falls at the bottom of the Borderline category. Her performance on the various tests reveals significant cognitive dysfunction as well as emotional instability and impairment in her capacity to function on a day-to-day basis. These findings are consistent with a diagnosis of Dementia. She

dence submitted entitles Jones to disability benefits since May 1981.[3]

should receive assistance in the handling of her financial benefits.

3. We note that this case, like the interminable literary litigation of *Jarndyce v. Jarndyce,* (Dickens, *Bleak House*), has been circulating for many years. We urge the district court and Social Security Administration to proceed swiftly in its resolution of this case. Whether this

1982 proceeding should be consolidated with the 1986 proceedings is a matter to be addressed upon remand. In any event, it appears (as suggested by counsel for the Secretary) to this court that the inclusion of Dr. Moneypenny's report in the present record should enable the agency to make a quick disposition of the issues pending in this case.